UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CHAMBERS,

    Plaintiff,

v.

HOLLAND FIRE DEPARTMENT,
HOLLAND POLICE DEPARTMENT,
UNKNOWN PARKER and
UNKNOWN ISREAL,

    Defendants.
_____/

Case No. 1:23-cv-241

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil action brought by *pro se* plaintiff Jeffrey Chambers. For the reasons set forth below, this complaint should be dismissed.

**I.**     **Discussion**

On March 9, 2023, *pro se* plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983, alleging a claim arising from an incident which occurred on March 2, 2023 at approximately 11:49 p.m. *See* Compl. (ECF No. 1, PageID.1). At that time, "the Holland Fire Department" knocked on his door. *Id*. Plaintiff told them "there is no fire go away" and tried to close the door. However, "this fireman wedges his foot against my door violating my privacy," which "forces" plaintiff "into a rage" because the fireman placed a device on the door which prevented plaintiff from closing it. *Id*. at PageID.1-2. Plaintiff alleged that, "[t]he next thing I know, the Holland Police Department and the Holland Fire Department unlocked my apartment door and walked into my apartment after I kept telling them before they entered my apartment to go away." *Id*. Plaintiff alleged that this violated his Fourth Amendment rights "by entering without my consent" and

wants $2,000,000.00 in compensatory and punitive damages. *Id*. at PageID.2-3. While plaintiff refers to "Police Report #2023-03020048," he does not provide any further details as to why the fire department and police department were at his apartment. *Id*. at PageID.1. In addition, plaintiff's complaint does not include any allegations against the two individual defendants, "Unknown Parker" and "Unknown Isreal."

The Court allowed plaintiff to file this action *in forma pauperis* pursuant to § 1915. *See* Order (ECF No. 4). For that reason, it must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), which provides that the Court "shall dismiss" actions brought *in forma pauperis* "at any time if the court determines that . . . the action . . . (ii) fails to state a claim on which relief may be granted[.]" In determining whether a complaint should be dismissed for failure to state a claim under § 1915(e)(2)(B)(ii), the Court applies the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). *See Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

A complaint may be dismissed for failure to state a claim if it fails to give the defendant a fair notice of the claim and the grounds upon which it rests. *Twombly*, 550 U.S. at 555.

> [A] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted).

In making this determination, the complaint must be construed in the light most favorable to the plaintiff, and its well-pleaded facts must be accepted as true. *Morgan v. Church's*

2

*Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).  While *pro se* pleadings are to be liberally construed, *see Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011), "this court is not required to conjure up unpled allegations."  *Dietz v. Sanders*, 100 Fed. Appx. 334, 338 (6th Cir. 2004).  Thus, a complaint based upon "an unadorned, the - defendant - unlawfully - harmed - me accusation" is insufficient to state a claim for relief.  *See Iqbal*, 556 U.S. at 678.

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which "provides a civil cause of action for individuals who are deprived of any rights, privileges, or immunities secured by the Constitution or federal laws by those acting under color of state law."  *Smith v. City of Salem, Ohio*, 378 F.3d 566, 576 (6th Cir. 2004).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived her of this federal right under color of law.  *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983

Here, plaintiff's complaint consists of a conclusory claim that defendants violated his Fourth Amendment rights by entering his apartment after he told them to go away.  The Fourth Amendment protects against "unreasonable searches and seizures."  As discussed, plaintiff alleged nothing against the individual defendants.  "Personal involvement is necessary to establish section 1983 liability."  *Murphy v. Grenier*, 406 Fed. Appx. 972, 974 (6th Cir. 2011).  *See Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999) ("It is axiomatic that the liability of persons sued in their individual capacities under section 1983 must be gauged in terms of their own actions."). Accordingly, plaintiff failed to state a claim against the individual defendants.

Next, while plaintiff refers to a police report, he provides no allegations regarding why the fire department appeared at his apartment, why the fire department tried to enter his apartment, why the police showed up, or what led to the authorities to "unlock" his door.  Fed. R.

Civ. P. 8(a)(2) requires that a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Here, plaintiff has not presented such a statement. While plaintiff refers to the existence of a police report, his cursory allegations that the fire department appeared at his apartment, tried to enter the apartment, and that the authorities eventually unlocked his door fail to state a claim for a Fourth Amendment violation that is plausible on its face. *See Iqbal*, 556 U.S. at 678. Plaintiff has failed to plead factual content that allows the court to draw the reasonable inference that defendants are liable for the misconduct alleged. *Id*. Accordingly, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.    RECOMMENDATION

For these reasons, I respectfully recommend that plaintiff's complaint be **DISMISSED**.

Dated:  March 20, 2023                    /s/ Ray Kent
                                          RAY KENT
                                          United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).