UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY CHAMBERS,

    Plaintiff,

v.

HOLLAND FIRE DEPARTMENT, et al.,

    Defendant.

_____/

CASE No. 1:23-CV-241

HON. ROBERT J. JONKER

## ORDER APPROVING AND ADOPTING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Kent's Report and Recommendation in this matter (ECF No. 7) and Plaintiff's Objection to the Report and Recommendation (ECF No. 8). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

1

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections.  After its review, the Court finds the Magistrate Judge's Report and Recommendation is factually sound and legally correct.

After de novo review, the Court overrules plaintiff's objections and adopts the Magistrate Judge's Report and Recommendation.  The Court also finds that any attempted amendment would be futile.  Plaintiff filed this lawsuit on March 9, 2023.  He was permitted to proceed *in forma pauperis*, and accordingly the Complaint is subject to screening under 28 U.S.C. § 1915(e).  Plaintiff's complaint alleged that just before midnight on March 2, 2023, he heard a knock on the door of his apartment.  He opened the door to the unnamed firefighters with the Holland Fire Department.  Plaintiff informed the individuals there was no fire in his apartment, and he did not let the fire department inside.  He claims the firefighters tried to enter anyways, but he successfully closed and locked his door.  Sometime later, the firefighters and unnamed officers with the Holland Police Department unlocked his apartment door and came inside.  Plaintiff claims this was a violation of his rights under the United States Constitution.[1]

The Magistrate Judge reasons that Plaintiff fails to state a claim upon which relief may be granted under the standards of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  The Magistrate Judge notes that the Complaint consists only of conclusory claims, and it alleged nothing against the individually named defendants.  The Magistrate Judge further observes that while a police report is referenced in the Complaint,

---

[1] Plaintiff has filed a number of recent lawsuits in this district that have not survived screening under Section 1915(e).  *See, e.g.*, *Chambers v. City of Holland*, Case No. 1:23-cv-240 (W.D. Mich. Apr. 6, 2023); *Chambers v. People*, Case No. 1:21-cv-842 (W.D. Mich. Nov. 24, 2021); *Chambers v. City of Holland*, Case No. 1:21-cv-123 (W.D. Mich. Mar. 1, 2021).

Plaintiff did not provide the report, and further that the Complaint "provides no allegations regarding why the fire department appeared at his apartment, why the fire department tried to enter his apartment, why the police showed up, or what led the authorities to "unlock" his door. (ECF No. 7, PageID.16-17). Rule 8, the Magistrate Judge said, requires more.

In his Objections, Plaintiff largely reiterates his conclusory assertions that the fire department illegally entered his apartment which does nothing to undermine the Magistrate Judge's analysis. The Court notes, however, that Plaintiff does acknowledge the lack of specificity as to the individually named defendants, and he attaches the police report to his objections. (ECF No. 8-1). The report, however, only confirms that Plaintiff has failed to state any constitutional violation. Indeed, the report blatantly contradicts Plaintiff's claim that firefighters walked in without warning.

The two reports from Officer Parker and Israels—the two individual defendants here—demonstrate that the Holland Fire Department was dispatched to the Wildwood Creek Manor apartments, where Plaintiff lives, after a smoke detector went off near Plaintiff's apartment. Firefighters made contact with Plaintiff, and Plaintiff briefly opened the door. "[S]moke could be seen billowing from inside the apartment." (ECF No. 8-1, PageID.23). Nevertheless, Plaintiff denied there was any fire inside his apartment, and he slammed the door shut. The Holland Fire Department called Defendant Parker to assist. The fire department told Defendant Parker that they had obtained a master set of keys to the apartment from the building manager, and they were prepared to unlock Plaintiff's apartment "under the community caretakers exception." (*Id.*). Defendant Parker called Defendant Israels for additional assistance. Given the number of elderly individuals inside the other apartments, it was determined that the fire department would unlock

3

Plaintiff's apartment and conduct an investigation.  The fire department did so and Defendants Parker and Israels stood by while firefighters conducted their investigation.  (*Id.*).  At the conclusion of the investigation, the firefighters and police officers left the apartment. The document provided by Plaintiff makes clear Plaintiff did not want anyone inside his apartment but with reports—and observations—of smoke it was legitimate for firefighters to check it out.   There is no constitutional violation here.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (ECF No. 7) is **APPROVED AND ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that  Plaintiff's Complaint (ECF No. 1) is **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court discerns no good-faith basis for appeal of this matter.  *See McGore v Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

A separate Judgment shall enter.


Dated:        April 10, 2023              /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE